**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JACOB BLAIR SCOTT** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:21-cv-189-HSO-BWR** |
| | § | |
| | § | |
| **JACKSON COUNTY SHERRIFF'S** | § | |
| **DEPARTMENT, et al.** | § | **DEFENDANTS** |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [43]

BEFORE THE COURT is United States Magistrate Judge Robert H.

Walker's Report and Recommendation [43] dated July 19, 2022, recommending

that: (1) that Vital Core Defendants' Motion to Dismiss [19] be granted in part, to

the extent that Plaintiff Jacob Blair Scott's claims advanced under the Health

Insurance Portability and Accountability Act ("HIPAA") be dismissed without

prejudice for lack of subject-matter jurisdiction, and otherwise be denied in part; (2)

that Defendant Jackson County Sheriff's Department's Motion for Judgment on the

Pleadings [28] be granted; and (3) that Plaintiff's Motion for Extension of Time to

Amend Complaint and Pleadings [39] be held in abeyance until after Defendants

have responded to the Motion [39]. R.&R. [43] at 2.

After due consideration of the Report and Recommendation [43], the record,

and relevant legal authority, the Court finds that the Magistrate Judge's Report

and Recommendation [43] should be adopted as the finding of this Court, and that

Vital Core Defendants' Motion to Dismiss [19] should be granted in part, to the

extent that Plaintiff's claims advanced under HIPAA be dismissed without prejudice for lack of subject-matter jurisdiction, and otherwise denied in part; that Defendant Jackson County Sheriff's Department's Motion for Judgment on the Pleadings [28] should be granted; and that Plaintiff's Motion for Extension of Time to Amend Complaint and Pleadings [39] should be held in abeyance until after Defendants have responded to the Motion [39].

## I. BACKGROUND

Plaintiff Jacob Blair Scott ("Plaintiff" or "Scott") was incarcerated at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi, as a pretrial detainee in March 2020. Amend. Compl. [7] at 7. He filed an initial Complaint [1] on June 2, 2021, which he amended on August 12, 2021. *See* Amend. Compl. [7]. Plaintiff raises a variety of allegations concerning his medical care, lack of privacy, and prison conditions. *See id.*

Defendants VitalCore Health Strategies, Angie Hand, and Amanda Harris ("VitalCore Defendants") filed a Motion [19] to Dismiss pursuant to Rule 12(b)(6), asserting that the Amended Complaint fails to state a legible, concise, and non-conclusory claim, and that Plaintiff did not comply with Mississippi law's pre-suit notice requirements before filing an action advancing medical malpractice claims. Mot. [19] at 1-3. Plaintiff filed a Response [24] in opposition, and VitalCore Defendants did not file a Rebuttal.

The Court held an omnibus hearing on January 11, 2022, after which Defendant Jackson County Sheriff's Department filed a Motion [28] for Judgment

2

on the Pleadings, asserting that it is not a political subdivision or legal entity with the capacity to be sued and, as such, that it should be dismissed. Plaintiff did not respond to this Motion [28].

In June 2022, five months after the omnibus hearing, and over two months after the deadline for amending pleadings and joining parties, Plaintiff filed a Motion for Extension of Time to Amend Complaint and Pleadings [39]. Plaintiff desires to add two additional Defendants and assert claims based on incidents that occurred after the omnibus hearing. Defendants have not responded to Plaintiff's Motion, and the Court has given them until August 19, 2022, to do so. *See* Order [45].

On July 19, 2022, Magistrate Judge Robert H. Walker entered a Report and Recommendation [43], recommending that Vital Core Defendants' Motion to Dismiss [19] be granted in part, to the extent that Plaintiff's claims advanced under HIPAA be dismissed without prejudice for lack of subject-matter jurisdiction, and otherwise be denied in part; that Defendant Jackson County Sheriff's Department's Motion for Judgment on the Pleadings [28] be granted; and that Plaintiff's Motion for Extension of Time to Amend Complaint and Pleadings [39] be held in abeyance until after Defendants have responded to the Motion [39]. R.&R. [43] at 2. Plaintiff has not objected to the Report and Recommendation [43], and the time for doing so has passed.

On August 3, 2022, the Clerk of Court noted that an individual claiming to be Plaintiff's mother called to inform the Court that Plaintiff had a new address.

3

Docket Entry August 3, 2022. The Clerk advised this individual that Plaintiff should file a written change of address. *Id.* To date, Plaintiff has not updated his address with the Court, even though it is his, and not his mother's, responsibility to do so. The Court has repeatedly informed Plaintiff throughout his case that it is his responsibility to update of his address, *see* Order [2], [3], [22], and he has demonstrated that he was aware of this requirement by filing a Change of Address [38] on June 10, 2022. The Report and Recommendation [43], sent July 19, 2022, was not returned to the Court as undeliverable, so there is no indication that Plaintiff did not receive the Report and Recommendation [43].

## II. DISCUSSION

Plaintiff has not filed any objections to the Report and Recommendation, and the time for doing so has passed. Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court concludes that the Report and Recommendation [43] is neither clearly erroneous nor contrary to law, and the Court will adopt the Magistrate Judge's Report and Recommendation [43] as the opinion of this Court.

4

As such, Vital Core Defendants' Motion to Dismiss [19] will be granted in part, to the extent that Plaintiff's claims advanced under HIPAA be dismissed without prejudice for lack of subject-matter jurisdiction, and otherwise denied in part; Defendant Jackson County Sheriff's Department's Motion for Judgment on the Pleadings [28] will be granted; and Plaintiff's Motion for Extension of Time to Amend Complaint and Pleadings [39] will be held in abeyance until after Defendants' deadline to file a Response expires on August 19, 2022.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [43] of United States Magistrate Judge Robert H. Walker entered in this case on July 19, 2022, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Vital Core Defendants' Motion to Dismiss [19] is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's HIPAA claims against Defendants VitalCore Health Strategies, Angie Hand, and Amanda Harris are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, and his state-law claims for medical malpractice and federal constitutional claims against these Defendants will proceed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Jackson County Sheriff's Department's Motion for Judgment on the Pleadings [28] is **GRANTED**, and Defendant Jackson County Sheriff's Department is **DISMISSED** as a Defendant.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Extension of Time to Amend Complaint and Pleadings [39] will be **HELD IN ABEYANCE** until after Defendants' deadline to file a Response expires on August 19, 2022.

**SO ORDERED AND ADJUDGED**, this the 11th day of August, 2022.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE