IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JACOB BLAIR SCOTT | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:21-cv-189-HSO-BWR |
| | § | |
| | § | |
| VITAL CORE STRATEGIES, et al. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF
JACOB BLAIR SCOTT'S OBJECTION [133]; ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [132];
GRANTING DEFENDANTS' MOTIONS [107], [112] FOR SUMMARY
JUDGMENT; GRANTING PLAINTIFF'S MOTION [130] TO DISMISS CT
CORPORATION SYSTEMS; DENYING PLAINTIFF'S MOTION [131] FOR
RECONSIDERATION; AND DISMISSING PLAINTIFF'S CLAIMS**

THIS MATTER comes before the Court on the Report and Recommendation
[132] of United States Magistrate Judge Bradley W. Rath, entered in this case on
July 18, 2023, regarding Defendants Deputy John Barnes, Deputy Geneva
Drummond, Sheriff Mike Ezell, Captain Tyrone Nelson, Angie Hand, Amanda
Harris, and Vital Core Strategies's Motions [107], [112], for Summary Judgment,
Plaintiff Jacob Blair Scott's Motion [130] to Dismiss CT Corporations Systems as a
defendant, and Plaintiff Jacob Blair Scott's Motion [131] for Reconsideration of the
Magistrate Judge's discovery Order [125]. Based upon the Magistrate Judge's
review of the pleadings and relevant legal authority, he recommended that
Defendants Deputy John Barnes, Deputy Geneva Drummond, Sheriff Mike Ezell,
Captain Tyrone Nelson, Angie Hand, Amanda Harris, and Vital Core Strategies's

1

Motions [107], [112], for Summary Judgment and Plaintiff Jacob Blair Scott's Motion [130] to Dismiss CT Corporations Systems be granted, and that Plaintiff Jacob Blair Scott's Motion [131] for Reconsideration be denied. R. & R. [132] at 2. Plaintiff Jacob Blair Scott has filed an Objection [133] to the Report and Recommendation [132], and Defendants Deputy John Barnes, Deputy Geneva Drummond, Sheriff Mike Ezell, Captain Tyrone Nelson, Angie Hand, Amanda Harris, and Vital Core Strategies's have filed Responses [137], [138], to the Objection [133].

After thoroughly reviewing Plaintiff Jacob Blair Scott's Objection [133], the Magistrate Judge's Report and Recommendation [132], the record, and relevant legal authority, the Court finds that Plaintiff Jacob Blair Scott's Objection [133] should be overruled and that the Magistrate Judge's Report and Recommendation [132] should be adopted as the opinion of the Court. Plaintiff Jacob Blair Scott's federal claims should be dismissed with prejudice and his state-law claims should be dismissed without prejudice.

## I.  BACKGROUND

Plaintiff Jacob Blair Scott ("Plaintiff" or "Scott") was incarcerated at Jackson County Adult Detention center ("JCADC") in Pascagoula, Mississippi, as a pretrial detainee in March 2020. Amend. Compl. [7] at 7; *see also* Hr'g Tr. [27] at 48. He is currently incarcerated in the custody of the Mississippi Department of Corrections ("MDOC") at the Mississippi State Penitentiary in Parchman, Mississippi. Not. [129].

On April 24, 2021,[1] Plaintiff filed his initial Complaint [1] in this matter, which he amended on August 12, 2021, advancing a multitude of claims concerning his medical care, lack of privacy, and prison conditions while he was incarcerated at JCADC. *See* Compl. [1]. He named as defendants Sheriff Mike Ezell, Captain Tyrone Nelson, Deputy Geneva Drummond, and Deputy John Barnes, who are employees of the Jackson County, Mississippi, Sheriff's Office ("County Defendants"); Vital Core Strategies and its employees, Amanda Harris and Angie Hand ("Vital Core Defendants"); and CT Corporation Systems. *See* Am. Compl. [7]; Text Order, June 29, 2022; Order [51].

A.     Plaintiff's claims against Vital Core Defendants

As against Vital Core Defendants, Plaintiff raises a claim of deliberate indifference to his serious medical needs as well as state-law claims for medical malpractice. *See* Hr'g Tr. [27] at 16-19, 23.  He asserts that he was diagnosed with ulcerative colitis in 2017, before he arrived at JCADC, Hr. Tr. [27] at 39, and that while at JCADC he was denied prescriptions related to his condition, denied access to a doctor to assess his condition, and generally denied appropriate testing and treatment, Am. Compl. [7] at 7, 9, 12; Hr'g Tr. [27] at 11-13, 16-22. Plaintiff also alleges that he slipped and fell at JCADC, aggravating a pre-existing knee injury. Am. Compl. [7] at 14; Hr'g Tr. [27] at 13-15. Plaintiff asserts he could not walk and that Vital Core Defendants refused to treat him for this injury. Hr'g Tr. [27] at 14.

---

[1] Scott signed the Complaint on April 23, 2021, and it was docketed by the Clerk of Court on June 2, 2021.  *See* Compl. [1] at 1, 33.

B.   <u>Plaintiff's claims against County Defendants</u>

In conjunction with his claims for deliberate indifference to serious medical needs against Vital Core Defendants, Plaintiff contends that Jackson County Deputy Geneva Drummond ("Deputy Drummond") refused to provide him with additional toilet paper which he needed because of his ulcerative colitis.[2] Hr'g Tr. [27] at 22, 30-31, 45. He further alleges that during the Covid-19 pandemic, JCADC refused to require guards to wear masks or provide them to prisoners. Am. Compl. [7] at 24; Hr'g Tr. [27] at 33.

Plaintiff also advances numerous alleged violations of his privacy at JCADC. *See* Am. Compl. [7]; Hr'g Tr. [27] at 30-31, 34-35, 45-47. He asserts that his privacy was violated by Defendant Captain Tyrone Nelson ("Captain Nelson") when he was strip searched in the prison yard in front of others, including female guards, Am. Compl. [7] at 9, 21; Hr'g Tr. [27] at 30, and that his privacy was also violated by Defendant Deputy John Barnes ("Deputy Barnes"), whom he believes opened and read his legal mail outside his presence, Am. Compl. [7] at 18-19; Hr'g Tr. [27] at 45-47. Further, Plaintiff contends that Deputy Barnes prevented him from receiving some of his legal mail, Hr'g Tr. [27] at 31, and that he had to discuss confidential information with his attorney on a recorded phone line because visitation rooms were shut down during the Covid-19 pandemic, Am. Compl. [7] at 20; Hr'g Tr. [27] at 34-35. Next, he asserts that his cell was searched outside his presence and that his legal notes and folders were searched. Am. Compl. [7] at 21; Hr'g Tr. [27] at 35.

---

[2] It is undisputed that Plaintiff did receive the standard weekly amount of toilet paper issued to inmates by JCADC. Hr'g tr. [27] at 45.

Plaintiff also raises an unconstitutional conditions of confinement claim based upon alleged lighting issues at JCADC. *See* Hr'g Tr. [27] at 32. He mentions that the lights were left on 24 hours a day, seven days a week for several months. Am. Compl. [7] at 23; Hr'g Tr. [27] at 32. Eventually the lights were manually turned off, and Plaintiff argues that if the lights could have been turned off at any time, that should have occurred much sooner and the failure to do so was unconstitutional. Hr'g Tr. [27] at 32.

At his omnibus hearing, Plaintiff also generally complained that the hair clippers used at JCADC were dirty. *Id.* at 25-26. He alleges that the clippers were not sterilized between uses and that he believes this resulted in him contracting folliculitis. Hr'g Tr. [27] at 25-26. Plaintiff acknowledged that he was prescribed steroid cream, which cleared up the resulting rash. *Id.* at 26. Plaintiff makes no mention of the clippers in his Amended Complaint [7], nor did the pleading specify any claim related to them, *see* Am. Compl. [7], but he does allege the dirty clippers violated his constitutional rights in his Response [115] to County Defendants' Motion [107] for Summary Judgment, Resp. [115] at 3. Plaintiff blames "Deputy Pinter" for the unclean hair clippers but has failed to name him as a defendant. Hr'g Tr. [27] at 48.

Plaintiff has sued Defendants Sheriff Mike Ezell ("Sheriff Ezell") and Captain Nelson in their official and individual capacities. *Id.* at 28-29. He represents that he named them in the suit because they are the supervisors of the jail, *id.* at 29, and because they were allegedly made aware of his medical issues, the strip search, and

5

the alleged searches through his legal mail, but did nothing to remedy the issues,

Am. Compl. [7] at 23; Hr'g Tr. [27] at 29-30.

C.    The Magistrate Judge's Report and Recommendation [132]

The Magistrate Judge's Report and Recommendation [132] determined that

Plaintiff failed to demonstrate a violation of his constitutional rights or that the

named Defendants caused any such violation, R. & R. [132] at 6, and recommended

dismissal of Plaintiff's claims, *id.* at 49.

On Plaintiff's claim of deliberate indifference to serious medical needs related

to the ulcerative colitis, the Magistrate Judge found that Defendant Vital Core

Strategies could not be held liable simply because it employed Defendants Angie

Harris ("Harris") and Amanda Hand ("Hand"), and that he had submitted

insufficient summary judgment evidence of any policy or custom ignoring medical

care for inmates. *Id.* at 10. The Magistrate Judge determined that it is undisputed

that Harris and Hand were not authorized to write prescriptions, and that Plaintiff

has not shown they refused to dispense medicine that was prescribed or that they

committed any other constitutional violation. *Id.* at 11-12. The Magistrate Judge

concluded that Plaintiff merely disagrees with his treatment, which does not rise to

the level required to constitute deliberate indifference. *Id.* at 13-14.

Regarding the claim of deliberate indifference to serious medical needs

related to Plaintiff's knee injury, the Magistrate Judge found this injury to be *de

minimis* and that there was insufficient evidence to conclude that Vital Core

Defendants knew of and disregarded the injury. *Id.* at 14-17. The Magistrate Judge recommended that this claim be dismissed with prejudice. *Id.* at 14, 17.

The Magistrate Judge concluded that Plaintiff's medical malpractice and negligence claims under state law should be dismissed because Plaintiff failed to comply with Mississippi Code § 15-1-36(15)'s pre-suit notice requirement. *Id.* at 17-20; *see also* Miss. Code Ann. § 15-1-36(15).

Turning to Plaintiff's claims against Sheriff Ezell and Captain Nelson in their official capacities, the Magistrate Judge found that Plaintiff failed to specify any policy or custom of denying inmates of their constitutional rights or prescribing inadequate medical care, *id.* at 23-24, 27, and recommended that these claims be dismissed with prejudice, *id.* With respect to the individual capacity claims against these two Defendants, Plaintiff offered no competent summary judgement evidence demonstrating that any County Defendant acted with deliberate indifference and, accordingly the Magistrate Judge recommended that the individual capacity claims against these two Defendants be dismissed with prejudice. *Id.* 26-27.

Next, the Magistrate recommended that the claims against Deputy Drummond in both his official and individual capacities be dismissed with prejudice because Plaintiff could not point to a policy or custom of denying extra toilet paper, and the denial of extra toilet paper did not rise to the level of a constitutional violation. *Id.* at 27-30. The Magistrate Judge recommended Plaintiff's official capacity claims against Deputy Barnes be dismissed with prejudice because Plaintiff failed to show a policy or custom of JCADC of interfering with and opening

legal mail. *Id.* at 30. The Magistrate Judge found that the individual capacity claims against Deputy Barnes should be dismissed with prejudice because "Plaintiff has no constitutional right to supervise the processing of his legal mail into JCADC," *id.* at 30, and even if he did, there was no competent summary judgment evidence that his legal mail was opened, *id.* at 30-32.

With regard to the allegations that County Defendants refused to provide face masks during the Covid-19 pandemic, used dirty hair clippers to cut inmate hair, overused and misused lighting, and otherwise violated Plaintiff's privacy, the Magistrate Judge recommended that these claims be dismissed with prejudice because Plaintiff failed to allege the personal involvement of any named defendant. *Id.* at 32-33. Even if Plaintiff had named the proper parties, the summary judgment evidence was insufficient to state a constitutional violation. *Id.* at 33-43.

The Magistrate Judge next found that Plaintiff did not provide proof of service of process or waiver thereof, such that his Motion [130] to Dismiss CT Corporations Systems as a defendant should be granted. *Id.* at 43. Finally, the Magistrate Judge recommended that Plaintiff's Motion [131] for Reconsideration, which sought reconsideration of an Order [125] granting Sheriff Ezell and Captain Nelson's Motion [106] to Strike Plaintiff's Request for Production, should be denied because Plaintiff failed to offer any viable reason for the Magistrate Judge to reverse his discovery rulings and further prolong this case. *Id.* at 44-49.

D.   <u>Plaintiff's Objection [133] to the Report and Recommendation [132]</u>

Plaintiff has filed an Objection [133] to the Report and Recommendation [132], and both sets of Defendants have filed Responses [137], [138]. Objections 1 and 2 both make general statements that Plaintiff has met his summary judgment burden. *Id.* at 3. Because the analysis of these two objections is subsumed by the Court's analysis of the other objections, they need not be separately addressed.

Objection 3 argues that medical misdiagnosis was never raised by any party, and no evidence was presented on the issue. *Id.* In Objection 4, Plaintiff takes issue with the Magistrate Judge's denial of Plaintiff's Motion [131] for Reconsideration of a discovery Order [125], arguing he complied "with clean hands" with the Federal Rules of Civil Procedure. *Id.* at 4. In Objections 5 and 7,[3] Plaintiff argues he provided proper pre-suit notice as to his state-law medical malpractice and negligence claims and made a sufficient expert designation. *Id.* Objections 8, 9, 10, and 16 all proffer kiosk requests as evidence to dispute the Magistrate Judge's conclusions on Plaintiff's claims of deliberate indifference, medical malpractice, and negligence against the Vital Core Defendants. *Id.* at 5-6.

Objection 11 contends that because he could not get free stamps to send mail, the Court should deny summary judgment on his privacy claim based on JCADC allegedly forcing him to conduct attorney-client communications on recorded telephone lines. *Id.* at 5. Objection 12 contends that the JCADC strip search policy, which states that "strip searches will be conducted in a dignified manner[,]" was

---

[3] Plaintiff skipped the number six in numbering his Objections. *See* Obj. [133] at 4.

violated when a strip search was conducted in front of female guards and canteen workers, *id.* at 6, while Objection 13 asserts that JCADC violated its search procedures when deputies read Plaintiff's legal mail and documents, *id.*

Objection 14 states that under "The Federal Standard for Prisons and Jails for Hygiene, Standard 101.03.02" he is entitled to a clean haircut and that JCADC violated this standard by using unsanitary clippers. *Id.* Objection 15 asserts that Plaintiff was not asking Hand or Harris to write a prescription, but instead to hand out medicine he claims was given to JCADC by the U.S. Marshals. *Id.* at 7. Objection 17 contends that Sheriff Ezell was aware of his medical needs, that Plaintiff exhausted the grievance process available to him, and that Sheriff Ezell is not immune to civil liability. *Id.* Objection 18 claims that the affidavit of Captain Nelson upon which the Magistrate Judge relied is irrelevant to this case. *Id.*

Objection 19 argues that Plaintiff need not provide evidence of a policy or procedure in order to maintain a claim of deliberate indifference to his serious medical needs, *id.* at 8, while Objections 20 and 21 attempt to provide policies and procedures Plaintiff claims were broken by County Defendants or Vital Core Defendants, *id.* Plaintiff asserts that this is sufficient to support a claim of deliberate indifference. *Id.* In Objection 22, Plaintiff attempts to direct the Court to his previously filed Response [120] in Opposition to the Vital Core Defendants' Motion [112] for Summary Judgment, and he asserts that these arguments show there is a genuine issue of material fact. *Id.* Objection 23 requests that the Court grant "his appeal." *Id.* at 9.

## II. <u>DISCUSSION</u>

A.   <u>Standard of review</u>

1.   <u>Review of the Magistrate Judge's Report and Recommendation [132]</u>

Where a plaintiff has submitted a written objection to a magistrate judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In conducting a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the magistrate." *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989). However, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). As to those portions of a report and recommendation to which a defendant does not make objections, a court applies "the clearly erroneous, abuse of discretion and contrary to law standard of review." *Wilson*, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." *Gooding v. Colvin*, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a de novo review is unwarranted." *Id.* (citing *Koetting*, 995 F.2d at 40). "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Diamond v. Colonial Life & Acc. Ins.*

*Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005)); *see also Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Jackson v. Berryhill*, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018); *Robertson v. Berryhill*, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018). Also, "[i]t is well-settled that [p]arties filing objections must specifically identify those findings objected to." *Bradley v. Shaw*, No. 2:18-cv-196-TBM-LGI, 2022 WL 908932, at *2 (S.D. Miss. Mar. 28, 2022) (quoting *Battle*, 834 F.2d at 421) (quotation omitted).

2.   <u>Summary judgment standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The evidence is viewed in the light most favorable to the non-movants with all reasonable inferences drawn in their favor." *United States Sec. & Exch. Comm'n v. Kahlon*, 873 F.3d 500, 504 (5th Cir. 2017). If the movant carries this burden, to defeat summary judgment "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To rebut a properly supported motion for summary judgment, the non-moving party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A fact is 'material' if its resolution in favor of one party might

affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011). "A genuine dispute of material fact means that evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation marks omitted).

B.    <u>Plaintiff's Objections 3, 8, 15, and 16</u>

These Objections all relate to Vital Core Defendants' alleged deliberate indifference to Plaintiff's ulcerative colitis condition. Obj. [133] at 3-4, 7. Objection 3 focuses on the Magistrate Judge's quotation of *Dickerson v. Strain* to illustrate the point that a disagreement in treatment is insufficient to state a claim for deliberate indifference. R. & R. [132] at 13-14; *see also Dickerson v. Strain*, No. 08-4651, 2009 WL 2023866, at *5-6 (E.D. La. July 9, 2009). The relevant portion of the Report and Recommendation [132] states as follows:

> Second, this evidence merely shows Plaintiff's "disagreement with his medical treatment," which does not constitute deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Differences of opinion among physicians as to the appropriate method of treatment do not constitute deliberate indifference." *Dickerson v. Strain*, No. 08-4651, 2009 WL 2023866, at *5 (E.D. La. July 9, 2009). Even if Plaintiff could prove that he was treated incorrectly in 2020, his "federal claim would still fail because it is indisputable that an incorrect diagnosis simply does not suffice to state a claim for deliberate indifference." *See id.* at *6. "Rather, misdiagnosis amounts to nothing more than negligence or malpractice which alone is never sufficient to state a federal claim for constitutionally inadequate medical care." *Id.*

R. & R. [132] at 13-14. Plaintiff apparently objects to the Magistrate Judge's use of the word "misdiagnosis[,]" Obj. [133] at 3, and states his case is about an "existing

diagnosis[,]" not a misdiagnosis, *id.* However, the Report and Recommendation [132] did not find there was a misdiagnosis. *See* R. & R. [132].

The foregoing quote is the only time the word "misdiagnosis" appears in the Report and Recommendation [132], *id.* at 14, and it is clear that the Magistrate Judge was quoting case law to support his finding that Plaintiff wanting a different treatment for his existing diagnosis was not enough to support a claim for deliberate indifference, *see id.* at 13-14. Whether there was a difference of opinion among physicians as to the treatment of an existing diagnosis, or whether there was a misdiagnosis, is immaterial to the legal point the Magistrate Judge was making in the Report and Recommendation [132], as neither are sufficient to support a constitutional claim of deliberate indifference to a serious medical condition. *Muse v. Warner*, No. 93-2413, 1993 WL 543340, at *1 (5th Cir. Dec. 15, 1993) ("The disagreement in diagnosis between the initial doctor and the subsequent doctors does not equal denial of medical care or show deliberate indifference."); *Campbell v. Martinez*, 96 F. App'x 237, 238 (5th Cir. 2004) (Plaintiff's "disagreement with the course of treatment is insufficient to give rise to a constitutional violation."); *Evans v. Wright*, No. 6:14CV566, 2015 WL 5766862, at *6 (E.D. Tex. Sept. 29, 2015) ("[A] disagreement between doctors does not equal denial of medical care or show deliberate indifference.") (citing *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999)). This Objection should be overruled.

Objection 8 contends that Defendant Harris clearly knew about Plaintiff's ulcerative colitis, but Plaintiff fails to explain what impact this had on the

conclusions reached in the Report and Recommendation [132]. *See* Obj. [133] at 4. First, Vital Core Defendants do not dispute that Harris knew of the diagnosis. Resp. [138] at 7. Second, the Magistrate Judge based his findings on the facts that Harris is a nurse and does not have the authority to write prescriptions or prescribe treatments, R. & R. [132] at 11-12, and that Plaintiff failed to offer any competent summary judgment evidence that Harris withheld any medication that was prescribed, *id.* This Objection does not dispute either of these findings, and it should be overruled.

Objection 15, however, attempts to directly contradict the Report and Recommendation's [132] conclusion that Defendants Harris and Hand never withheld prescribed medication. Obj. [133] at 7. Plaintiff claims that his ulcerative colitis was treated prior to his being incarcerated at JCADC, and that he told Defendants that his medicine was in the property room. *Id.* Plaintiff asserts that he asked Defendants to give him the medication he alleges the U.S. Marshals handed over. *Id.* Plaintiff's argument still fails to resolve the evidentiary issue the Report and Recommendation [132] identified. R. & R. [132] at 11-12. Specifically, Plaintiff failed to submit any affidavits or other competent summary judgment proof on this issue; thus, his allegations in this regard remain unsworn, and unsworn statements are not competent summary judgment evidence. *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir. 2001). The Report and Recommendation [132] clearly pointed this out to Plaintiff. R. & R. [132] at 11-12. Despite this, Plaintiff has not attached any affidavit or other sworn testimony to

support this Objection or assertion, *see* Obj. [133] and Exs. [133-1], [133-2], [133-3], [133-4], [133-5], [133-6], [133-7], and it should be overruled.

Objection 16 disputes the Report and Recommendation's [132] finding that Plaintiff did not make medical requests related to his ulcerative colitis from December 31, 2020, through January 11, 2022. Obj. [133] at 7; *see also* R. & R. [132] at 14. Plaintiff supplies documents purporting to show his kiosk requests as proof. *See* Ex. [133-2]. However, a review of these documents reveals only two requests that could be construed as medical requests related to his ulcerative colitis. *See* Ex. [133-2] at 20. The first, made on August 11, 2021, is a request for extra toilet paper which Plaintiff alleged he needed because of his ulcerative colitis. Ex. [133-2] at 20. But this was not a request for medical treatment. *Id.* The second request was made on August 12, 2021, and was another request for toilet paper, not medication or treatment. *Id.* The only mention of medication for his ulcerative colitis is Plaintiff's complaint that he was not given any. *Id.* However, even if Plaintiff made a medical request that was denied, this still does not call into question the primary conclusion in the Report and Recommendation [132]; that any disagreement Plaintiff has as to the medical treatment he received does not rise to the level of deliberate indifference to a serious medical condition. R. & R. [132] at 9-14. In sum, these Objections should be overruled.

C.    <u>Plaintiff's Objection 4</u>

Plaintiff objects to the Magistrate Judge's recommendation that the Court deny his Motion [131] for Reconsideration. Plaintiff takes issue with the finding that he failed to follow relevant rules by making his discovery requests too near the discovery deadline. Obj. [133] at 4; L.U.Civ.R. 26(b)(2). Plaintiff does not contest that he made his requests close to the deadline, but instead maintains that he "with clean hands complied with the Rules of Federal Civil Procedure," and that the Federal Rules of Civil Procedure set no deadline by which requests were to be filed. *Id.* Although the Federal Rules of Civil Procedure do not explicitly state a deadline, the Local Rules of this Court plainly do. *See* Fed. R. Civ. P. 26-37, 83(a)(1); L.U.Civ.R. 26(b)(1).

District courts are permitted to adopt their own local rules so long as they are consistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83(a)(1). Local Uniform Civil Rule 26(b)(1) requires all responses to discovery requests to be made before the discovery deadline. L.U.Civ.R. 26(b)(1). In order to facilitate compliance with this Rule, the Local Rules require that parties "must initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery deadline date" for parties receiving requests to respond before the deadline. L.U.Civ.R. 26(b)(2). Local Rule 26(b)(2) was made clear to Plaintiff by the Magistrate Judge. Order [84] at 2. Therefore, Plaintiff did not, as he claims, act "with clean hands" and his Motion [131] for Reconsideration was properly denied. This Objection should be overruled.

D.    Plaintiff's Objections 5 and 7

Objection 5 relates to the Magistrate's recommendation that Plaintiff's state-law medical malpractice and negligence claims be dismissed without prejudice due to a lack of pre-suit notice and the failure to designate an expert. Obj. [133] at 4. One of the primary issues to which the Report and Recommendation [132] pointed was Plaintiff's failure to provide copies of his written pre-suit notices for the Court to review, despite arguments from Vital Core Defendants that such copies were needed. R. & R. [132] at 17-21; Resp. [124] at 12-13. Now, for the very first time as an exhibit to his Objection [133], Plaintiff offers what he asserts is a copy of his written notice. *See* Ex. [133-1].

"[W]hen objecting to a magistrate judge's report and recommendation on summary judgment, litigants may submit additional evidence for the district court's de novo review." *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). However, "the district court is not necessarily required to accept the new evidence. Rather, the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted." *Id.* (citing *Freeman v. Bexar County*, 142 F.3d 848, 852-53 (5th Cir. 1998)). To make this determination, a court looks to four factors: "(1) the pro se status of the plaintiff; (2) the nature of the initial deficiency; (3) whether the substance of the newly-raised claim changed from the original argument and testimony, causing undue surprise to the other party; and (4) the importance of the evidence submitted in the objection." *Gibson v.*

18

*Barrere*, No. 19-30581, 2022 WL 2067833, at *1 (5th Cir. June 7, 2022) (citing

*Davis*, 798 F.3d at 293-94).

The Court will forgo this analysis and presume the new evidence should be

accepted because it is still insufficient evidence of pre-suit notice. Under Section 15-

1-36(15) of the Mississippi Code, the pre-suit notice required for a medical

malpractice claim must include "the type of loss sustained, including with

specificity the nature of the injuries suffered." Miss. Code. Ann. § 15-1-36(15); *Arceo*

*v. Tolliver*, 19 So. 3d 67, 70-72 (Miss. 2009). This is a mandatory requirement for

which there are no exceptions. *Tolliver*, 19 So. 3d at 72. Even where a defendant

already knows the nature of the injuries, this does not dispense with the

requirement to include this information in the pre-suit notice. *Id.* at 72. "Merely

advising a medical practitioner of the intent to sue for negligence in no way satisfies

the legislative requirement as enacted." *Id.* This is exactly what Plaintiff's

handwritten notice does, *see* Ex. [133-1], simply stating:

> This is a letter of intent that a Complaint of Civil Action will be filed
> against you in federal court. You will be named as a defendant. This
> action will address deliberate indifference to medical needs, cruel and
> unusual punishment, pain and suffering, and constitutional
> rights violations according to state and federal law that are being violated
> while I'm housed at Jackson County A.D.C. by the sheriff, guards and
> medical staff. I'm currently in BPOD cell 1821 and have brought these
> medical problems and grievances to staff's attention on the kiosk here
> at BPOD 182[1].

*Id.* Nowhere does the notice make any mention of ulcerative colitis, a knee injury,

denial of medication, or any other type of injury. *See id.* It merely advises the

defendants of a forthcoming lawsuit. Thus, on its face Plaintiff's pre-suit notice fails

to meet the requirements of Miss. Code. Ann. § 15-1-36(15), and this Objection should be overruled.

Objection 7 relates to Vital Core Defendants' argument that Plaintiff "failed to designate an expert to testify to each element of his medical-malpractice claim." R. & R. [132] at 17; *see also* Mot. [112] at 2; Mem. [113] at 18-26. After finding the lack of pre-suit notice warranted dismissal of the state-law medical malpractice and negligence claims, the Magistrate Judge declined to resolve the expert designation issue. R. & R. [132] at 20. Likewise, having found Plaintiff failed to meet the pre-suit notice requirement, this Court need not address the merits of the expert designation issue and this Objection should be overruled. *See McNally v. Inch,* No. 3:17-CV-847-CWR-JCG, 2020 WL 1281631 (S.D. Miss. Jan. 28, 2020), *report and recommendation adopted*, No. 3:17-CV-847-CWR-JCG, 2020 WL 1277204 (S.D. Miss. Mar. 17, 2020). Out of an abundance of caution, the Court will nevertheless address the merits.

Under Mississippi law, "medical negligence may be established *only* by expert medical testimony[.]" *Mixon v. Berry*, 351 So. 3d 983, 987-88 (Miss. Ct. App. 2022) (quoting *Vaughn v. Miss. Baptist Med. Ctr.*, 20 So. 3d 645, 650 (Miss. 2009)) (emphasis and alteration in original). "Without expert testimony establishing a prima facie case of medical negligence, no genuine issue of material fact exists[,]" *Vicksburg Healthcare, LLC v. Dees*, 152 So. 3d 1171, 1175 (Miss. 2014) (citing *Neely v. N. Mississippi Med. Ctr., Inc.*, 996 So. 2d 726, 729 (Miss. 2008)), and a plaintiff

"cannot meet [his] burden of proof[,]" *Mississippi Baptist Med. Ctr., Inc. v. Phelps*, 254 So. 3d 843, 846 (Miss. 2018).

While acknowledging that he did not mention the term "expert," Plaintiff contends that his listing of Dr. Renee Shiao as a "possible witness" in his responses to interrogatories was sufficient to designate an expert. Obj. [133] at 4. Plaintiff further contends that if Dr. Shiao cannot appear as an expert, her testimony as a lay witness is sufficient. *Id.* This is directly contradicted by relevant law; merely identifying a doctor as a potential witness in responses to interrogatories is insufficient to designate her as an expert. *Payne v. Univ. of S. Mississippi*, No. 1:12-CV-41-KS-MTP, 2014 WL 1404732, at *2-4 (S.D. Miss. Apr. 10, 2014); *see also Martinez v. Union Carbide Corp.*, 62 F.3d 392 (5th Cir. 1995) (table), 1995 WL 449829, at *1-3; *Johnson v. Lee*, 17 So. 3d 1140, 1142-43 (Miss. Ct. App. 2009).

Plaintiff had to explicitly designate an expert in order to pursue his state-law medical malpractice and negligence claims. Under Uniform Local Civil Rule 26(a)(2), absent a finding of just cause, experts expected to testify at trial must be designated by the expert designation deadline. L.U.Civ.R. 26(a)(2). The Magistrate Judge set the expert designation deadline as May 2, 2022, Text Order, Jan. 1, 2022, and he found that Plaintiff failed to submit an expert designation by this deadline, R. & R. [132] at 17. Nothing in Plaintiff's Objection [133] contends otherwise. Obj. [133] at 4. Further, even if the Court interpreted Plaintiff's responses to interrogatories listing Dr. Shiao as a potential witness as a sufficient expert designation, which they were not, the designation would still be untimely. Plaintiff's

21

responses to interrogatories were filed on July 11, 2022, two months after the expiration of the expert designation deadline. Ex. [133-2] at 15. The only other instance the Court can locate any attempt of Plaintiff to designate an expert is his argument in his Response [120] to Vital Core Defendants' Motion [112] for Summary Judgment. Resp. [120] at 5. Even if this were a valid form of designation, which it also is not, the Response [120] was filed on May 9, 2023, over a year after the expert designation deadline.[4] *Id.* at 10. It is clear that Plaintiff failed to properly designate an expert.

The only cause Plaintiff offers in his Objection [133] to excuse his failure to designate an expert is his pro se status. Obj. [133] at 4. This is insufficient to carry his burden of demonstrating just cause. *See Hoskins v. GE Aviation*, No. 3:17CV00224-MPM-JMV, 2019 WL 257981, at *2 (N.D. Miss. Jan. 17, 2019); *Barnett v. Kia Motors Am., Inc.*, No. 4:21-CV-1591, 2022 WL 16838041, at *2 (S.D. Tex. Sept. 19, 2022), *report and recommendation adopted*, No. 4:21-CV-1591, 2022 WL 16836340 (S.D. Tex. Nov. 9, 2022); *Tuinstra v. United States*, No. 5:19-CV-1321-DAE, 2022 WL 5568505, at *4 (W.D. Tex. Aug. 12, 2022). Simply put, "pro se status does not excuse [a party's] purported lack of knowledge concerning the necessary steps in a summary judgment proceeding." *Pierson v. United States*, 605 F. App'x 293, 295 (5th Cir. 2015). Objection 7 should be overruled.

---

[4] Scott signed the Response [120] on May 9, 2023, and it was docketed by the Clerk of Court on May 22, 2023. Resp. [120] at 10; Ex. [120-16].

E.   Plaintiff's Objection 9

Objection 9 reiterates Plaintiff's past arguments already made before the Magistrate Judge that he was denied extra toilet paper. *See* Obj. [133] at 4; Memo. [116] at 7; Memo. [121] at 10. The Court finds this Objection is without merit for the same reasons outlined by the Magistrate Judge in the Report and Recommendation [132]. R. & R. [132] at 27-30. Plaintiff's Objection does not address the Report and Recommendation's [132] primary point, that he failed to show any physical injury from the lack of extra toilet paper or the alleged comment from Deputy Drummond. Obj. [133] at 4. Further, as the Magistrate Judge noted, the lack of extra toilet paper beyond what is normally provided does not rise to the level of a constitutional violation. *See* R. & R. [132] at 26 (citing *Byrd v. Adams*, 389 F. App'x 411, 412 (5th Cir. 2010); *Garcia v. Currie*, 674 F. App'x 432, 433 (5th Cir. 2017)). This Objection should be overruled.

F.   Plaintiff's Objection 10

Objection 10 asserts that Vital Core Defendants were deliberately indifferent to preexisting medical conditions about which Plaintiff informed them, Obj. [133] at 5, specifically, a knee injury and a traumatic brain injury, *id*. This Objection fails for three reasons. First, Plaintiff does not appear to specifically object to any analysis or finding in the Report and Recommendation [132]. Second, even if the Objection could be construed as challenging findings related to Plaintiff's knee injury, it does not address the Magistrate Judge's finding that the injury was *de minimis*, which alone is sufficient to result in dismissal of this claim. *See* R. & R.

[132] at 14-17; Obj. [133] at 5; *see also Daniels v. Beasley*, 241 F. App'x 219, 220-21 (5th Cir. 2007); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). Third, Plaintiff's claimed brain injury is an entirely new claim not pleaded in the Amended Complaint [7] and never raised before the Magistrate Judge, so it is not properly before this Court and will not be addressed. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitley*, 28 F.3d 532, 535, n.5 (5th Cir. 1994). This Objection should be overruled.

G.     Plaintiff's Objections 11, 12, 13, 14, and 18

These five objections all relate to claims that the Magistrate Judge found failed to identify a named defendant involved in the allegations and Plaintiff's failure to address this fatal issue in any way. *See* Obj. [133] at 5-7. All five are also repetitions of arguments made before the Magistrate Judge, three of which, Objections 11, 12, and 14, were specifically addressed in the Report and Recommendation [132], whose conclusions need not be repeated. *Koetting*, 995 F.2d at 40; *see also* R. & R. [132] at 32-42.

The fourth, Objection 13, alleges deputies searched Plaintiff's cell and went through his legal notes and mail, but there is no competent summary judgment evidence in the record to support this claim. Plaintiff has not offered any competent proof regarding this claim as neither the record nor the Objection [133] offer any evidentiary support for it. His arguments on this matter are insufficient to create a genuine issue of material fact at summary judgment.

The fifth objection, Objection 18, asserts that the affidavit upon which the Magistrate Judge relied to find that JCADC personnel did not disregard the substantial risk COVID-19 presented, R. & R. [132] at 35, is about another inmate and thus does not address any issue in this case, Obj. [133] at 7. This argument appears to reflect confusion on Plaintiff's part as to which of the affidavits from Captain Nelson the Magistrate Judge was citing when he discussed Plaintiff's claim that JCADC refused to provide masks during the Covid-19 pandemic. *See* R. & R. [132] at 33-35. Plaintiff appears to believe the affidavit at issue is one he attached to his Response [120] to Vital Core Defendant's Motion [112] for Summary Judgment. *See* Ex. [120-4]. However, a review of the Report and Recommendation [132] and the record reveals the Magistrate Judge was clearly referring to a different affidavit of Captain Nelson, which County Defendants had attached to their Motion [107] for Summary Judgment. *See* R. & R. [132] at 34; Ex. [107-1]. Thus, this Objection is insufficient to warrant a rejection of the Report and Recommendation [132].

H.    Plaintiff's Objection 17

Plaintiff argues that Sheriff Ezell is "not immune to civil action" because multiple letters were sent to Sheriff Ezell seeking medical help. Obj. [133] at 5. This argument fails to address any of the reasons given by the Magistrate Judge for recommending dismissal of the claims against Sheriff Ezell. *See* R. & R. [132] at 21-27. The Magistrate Judge at no point found that Sheriff Ezell was immune, but instead concluded that Plaintiff failed to present sufficient evidence to support

either an official capacity or individual capacity claim against him. R. & R. [132] at 21-27. Because Objection 17 fails to address the issues upon which the Magistrate Judge based his decision, it should be overruled.

I.    Plaintiff's Objections 19, 20, and 21

Plaintiff argues that no policy or procedure is needed to maintain a claim of deliberate indifference and that violations of current policies and procedures are sufficient. Obj. [133] at 8. As evidence of policies Plaintiff asserts that County Defendants and Vital Core Defendants violated, he has attached the following exhibits: the Jackson County Sheriff's Department Jail and Detention Policies and Procedures; Agreement for Inmate Health Care Services between Jackson County, Mississippi and Vital Core Health Strategies, LLC; and the Facility Accreditation and Staff Certification of Vital Core Health Strategies, LLC. Ex. [133-3], [133-5], [133-6].

Plaintiff's arguments are directly contradicted by relevant case law. The Magistrate Judge concluded that Plaintiff failed to show the existence of any "policy, practice, or custom" that would subject the County Defendants to § 1983 liability. *See e.g.*, R. &. R. [132] at 22. This is because to be liable under § 1983, there must be a policy or custom of the facility that itself is linked to a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the

26

policy or custom.") (citing *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978)).

Plaintiff's argument that the County and Vital Core Defendants' alleged violation of their own policies is itself a constitutional violation is mistaken because the violation of a policy or procedure is not *per se* a constitutional violation. *McCreary v. Richardson*, 738 F.3d 651, 658 (5th Cir. 2013) (citing *Virginia v. Moore*, 553 U.S. 164, 176 (2008)). Instead, the remedy for a violation of policy "lies with the prison grievance procedures and any state law remedies [the plaintiff] may have." *Id.*

Regarding Objection 19's contention that no policy or procedure is necessary to support Plaintiff's claim of deliberate indifference to a serious medical need and that he need only show a lack of procedure or training, Plaintiff has failed to offer any competent summary judgment evidence of a lack of training or procedure rising to the level of a constitutional violation, let alone one that rises to a "deliberate or conscious choice to endanger constitutional rights[.]" *Baughman v. Garcia*, 254 F. Supp. 3d 848, 882 (S.D. Tex. 2017), *aff'd sub nom. Baughman v. Seale*, 761 F. App'x 371 (5th Cir. 2019) (quoting *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)) (internal quotation omitted). Further, for a lack of training to be a basis for deliberate indifference, "[t]he plaintiff must generally demonstrate at least a pattern of similar violations[,]" *Thompson v. Upshur Cnty., TX*, 245 F.3d 447, 459 (5th Cir. 2001) (citing *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998)), and "the inadequacy of training must be obvious

and obviously likely to result in a constitutional violation[,]" *id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 1205 n.10 (1989); *Snyder* 142 F.3d at 799). Plaintiff has failed to point to any evidence in the record supporting either element.

In short, Plaintiff has not shown any error on the Magistrate Judge's part in this regard, and Objections 19, 20, and 21 should be overruled.

J.     Objections 1, 2, 22, and 23

These remaining Objections are general and conclusory and essentially restate arguments raised before the Magistrate Judge. Having conducted a de novo review of the Report and Recommendation [132], the Court finds that the Magistrate Judge correctly addressed Plaintiff's arguments and these Objections should be overruled.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Jacob Blair Scott's Objection [133] to the Report and Recommendation [132] of United States Magistrate Judge Bradley W. Rath, entered in this case on July 18, 2023, is **OVERRULED**, and the Report and Recommendation [132] is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Jacob Blair Scott's Motion [130] to Dismiss CT Corporations Systems is **GRANTED**, and Defendant CT Corporations Systems is **DISMISSED WITHOUT PREJUDICE** as a Defendant.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Jacob Blair Scott's Motion [131] for Reconsideration is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants Geneva Drummond, Mike Ezell, Tyrone Nelson, Angie Hand, Amanda Harris, and Vital Core Strategies's Motions [107], [112], for Summary Judgment are **GRANTED**. Plaintiff Jacob Blair Scott's federal claims are **DISMISSED WITH PREJUDICE**, and his state-law claims are **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 24th day of October, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE